UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUBBARD, 205988,

      Petitioner,

v.

SHERMAN CAMPBELL,

      Respondent.

CASE NO. 2:13-cv-14540

HON. DAVID M. LAWSON

MAG. PAUL J. KOMIVES

_____

**SUPPLEMENTAL ANSWER IN OPPOSITION TO AMENDED
PETITION FOR WRIT OF HABEAS CORPUS**

# TABLE OF CONTENTS

Introduction ..................................................................................1

    Statements in Compliance with Habeas Rule 5(b) ...........................3

        A.    Statute of Limitations ..............................................3

        B.    Exhaustion ..........................................................3

        C.    Procedural Default ................................................3

        D.    Non-retroactivity Doctrine .......................................3

Statement of the Case ......................................................................4

        A.    Trial Facts .........................................................4

        B.    Procedural History ...............................................4

Standard of Review Pursuant to AEDPA ..............................................6

Argument ....................................................................................13

I.     Hubbard's added claim of ineffective assistance of trial
       counsel is necessarily either meritless or time-barred and
       procedurally defaulted. ..............................................13

II.    Hubbard's added claim of ineffective assistance of appellate
       counsel is procedurally defaulted, barring review. ................15

Conclusion ..................................................................................18

Relief .......................................................................................23

Certificate of Service .....................................................................24

# INTRODUCTION

Petitioner, Carl Lyndell Hubbard, shot and killed Rodnell Penn in Detroit in 1992.

As result of his conviction by a Wayne County jury of first-degree murder, Mich. Comp. Laws § 750.316, the State now holds Hubbard in custody in the Michigan Department of Corrections.  Hubbard is currently serving a life sentence.

Hubbard commenced this action under 28 U.S.C. § 2254 by filing a petition with this Court.  When he filed the petition he named as Respondent his warden at the time, Willie Smith.  Hubbard is now housed at Carson City Correctional Facility where his warden is Sherman Campbell.  The caption should be amended to reflect the change.

The original petition raised seven claims challenging Hubbard's conviction.  (Dkt. 1, Pet. at 4–5 ¶ 9.)  The State has responded to those claims.  (Dkt. 20, Response.)  Hubbard has filed an amended petition (Dkt. 26 & 27), and this Court has ordered a response (Dkt. 28).  This supplemental response does not replace the State's original response,

1

but only supplements it.  The State stands by the arguments it has raised.

The amended petition makes two changes from the original petition.  Claim V is amended to include a claim that trial counsel was ineffective for failing to investigate and call Samir Konja and Raad Konja, in addition to the other allegations of ineffective assistance of trial counsel.  And Hubbard has raised a new claim:

> VIII. Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of appellate counsel where his appellate counsel failed to raise arguments II, III, IV and V.

Should the Court interpret the petition to be raising different claims, the State requests an opportunity to file a supplemental pleading.  To the extent that Hubbard failed to raise any other claims that he raised in the state courts, those claims are now abandoned. *See Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003) (holding that an issue is abandoned if a party does not present any argument respecting the issue in his brief). Thus, habeas review of abandoned claims is barred.

The State now answers the petition and requests that it be denied.

# STATEMENTS IN COMPLIANCE WITH HABEAS RULE 5(b)

With respect to the bars that preclude habeas review, the State asserts the following in conformance with Habeas Rule 5(b):

## A.    Statute of Limitations

The State maintains the argument it made in the initial response that the petition is barred by the statute of limitations.

## B.    Exhaustion

Although Hubbard has not exhausted all of his claims, the State maintains its argument that, because he has no means by which to do so, those claims are considered exhausted but procedurally defaulted.

## C.    Procedural Default

The State maintains its argument that several of the claims in Hubbard's original petition are procedurally defaulted.  The State further asserts that his new, eighth habeas claim is procedurally defaulted.

## D.    Non-retroactivity Doctrine

The State continues not to argue that any of Hubbard's claims are barred by the non-retroactivity doctrine.

## STATEMENT OF THE CASE

### A.    Trial Facts

The State stands by the statement of facts set forth in its initial response.

### B.    Procedural History

The State stands by the procedural history set forth in its initial response, with the following additions:

A few months after the State filed its initial response, Hubbard moved this Court to stay the petition and hold it in abeyance in order to allow him to return to state court and exhaust remedies.  (Dkt. 23, Mot. to Stay Pet.)  This Court granted the motion.  (Dkt. 24, Op. & Order.)

Hubbard returned to the Wayne Circuit Court and filed a motion for relief from judgment raising three claims:

I.    Defendant was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel, where his trial lawyer failed to investigate and call the store owners Samir Konja and Raad Konja to testify at trial, and also failed to call "Barbara" to testify on the third day of trial.

II.    The "good cause" requirement of MCR 6.508(D)(3)(a), along with the application of MCR 6.502(G)(2), should be waived where Defendant has shown that he is actually innocent.

4

III.   Defendant was denied his Sixth and Fourteenth
Amendment right to the effective assistance of
appellate counsel which provides the "good cause"
required by MCR 6.508(D)(3)(a).

The state court denied the motion for "fail[ing] to satisfy any of

the exceptions bar[r]ing successive motions[.]"  (3/30/15 Wayne Cir. Ct.

Order at 2.)

Hubbard filed an application for leave to appeal in the Michigan

Court of Appeals, which that court dismissed for lack of jurisdiction,

because "[n]o appeal may be taken from the denial or rejection of a

successive motion for relief from judgment."  (6/2/15 Mich. Ct. App.

Order, *citing* Mich. Ct. R. 6.502(G)(1).)  Hubbard filed an application for

leave to appeal in the Michigan Supreme Court, which was also denied.

*People v. Hubbard*, 881 N.W.2d 476 (Mich. 2016).

Hubbard then returned to this Court and filed an amended

petition, which (a) added counsel's alleged failure to investigate and call

Samir and Raad Konja to Hubbard's Claim V, and (b) added a claim of

ineffective assistance of appellate counsel as a new Claim VIII.

## STANDARD OF REVIEW PURSUANT TO AEDPA

Congress mandated the standards of review in federal habeas proceedings in 1996 in the Antiterrorism and Effective Death Penalty Act (AEDPA).  Recognizing the foundational principle that "[s]tate courts are adequate forums for the vindication of federal rights," "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, 134 S. Ct. 10, 15, 16 (2013); 28 U.S.C. § 2254(d).

Congress has limited the availability of federal habeas corpus relief "with respect to any claim" the state courts "adjudicated on the merits."  28 U.S.C. § 2254(d).  Habeas relief may not be granted to a habeas petitioner under § 2254(d) unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

With respect to § 2254(d)(1), a state court decision is "contrary to" federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of

materially indistinguishable facts." *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 n.2 (2013) (internal quotation marks and citation omitted). A state court decision involves an unreasonable application of clearly established Federal law pursuant to § 2254(d)(1) if "the state-court decision identifies the correct governing legal principle in existence at the time," but "unreasonably applies that principle to the facts of prisoner's case." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (internal quotation marks and citation omitted).   Where "[n]o precedent of [the Supreme Court] clearly forecloses" a state court's ruling, it simply cannot be an unreasonable application of Supreme Court precedent. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016) (per curiam).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta," of the Supreme Court's decisions.  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotations and citations omitted).  "And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice."  *Id*.

Moreover under § 2254(d)(1), the relevant Supreme Court precedent includes only the decisions in existence "as of the time the

state court renders its decision." *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) (internal quotation marks and emphasis omitted); *see also Pinholster*, 563 U.S. at 182 ("State-court decisions are measured against [the Supreme] Court's precedents as of the time the state court renders its decision.") (internal quotation marks omitted).

Under § 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Titlow*, 134 S. Ct. at 15 (internal quotation marks and citation omitted). "Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011) (per curiam).

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). This means that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Instead, the state court's "application must be

8

objectively unreasonable." *Id.* That distinction creates "a substantially higher threshold" to obtain relief than de novo review. *Id.* A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Etherton*, 136 S. Ct. at 1152.

"It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted). And federal court of appeals precedent cannot "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (per curiam) (citation omitted); *see also Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (providing that absent a decision by the Supreme Court addressing "the specific question presented by [a] case" a federal court cannot reject a state court's assessment of claim). And, as the Supreme Court recently held, where no Supreme Court cases confront "the specific question presented" by the habeas petitioner, "the state court's decision [cannot]

9

be contrary to any holding from this Court." *Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015) (per curiam) (internal quotation marks and citation omitted).

Further, the Supreme Court has specifically warned habeas courts that, "[b]y framing [Supreme Court] precedents at [too] high [a] level of generality, [it] could transform even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'" That "approach would defeat the substantial deference that AEDPA requires" be given to state-court decisions. *Nevada v. Jackson*, 133 S. Ct. 1990, 1994 (2013) (per curiam).

Moreover, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Richter*, 562 U.S. at 102. This standard protects against intrusion of federal habeas review upon "both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Id.* at 103 (internal quotation marks and citation omitted).

10

A federal court must refrain from issuing a writ "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (internal quotation marks and citation omitted).  To clear the § 2254(d) hurdle, a habeas petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.  "If this standard is difficult to meet, that is because it was meant to be." *Id*. at 102.

The burden of providing a petitioner a new trial "should not be imposed unless *each* ground supporting the state court decision is examined and found to be unreasonable under AEDPA." *Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

The Supreme Court has also instructed habeas courts to apply a rebuttable presumption that a "federal claim was adjudicated on the merits" even "[w]hen a state court rejects a federal claim without expressly addressing that claim." *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013). *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1606 (2016) (per curiam) ("Containing no statement to the contrary, the Supreme

11

Court of California's summary denial of Hinojosa's petition was therefore on the merits."). "[S]tate-court decisions [must] be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181 (internal quotation marks and citation omitted). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunction in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (internal quotation marks and citation omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citation omitted).

Finally, the petitioner's burden is made even heavier by the fact that a federal court is "limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.

### ARGUMENT

The State stands by the arguments raised in the initial response, and adds the following:

## I.     Hubbard's added claim of ineffective assistance of trial counsel is necessarily either meritless or time-barred and procedurally defaulted.

Hubbard has added a claim that his counsel was ineffective for failing to investigate or call Samir and Raad Konja, two of the owners of the party store in which Curtis Collins claims to have seen Hubbard the night Hubbard murdered his victim.  Hubbard has attached affidavits from the Konjas and, significantly, he has asserted in this Court that he could not have discovered these affidavits earlier.  (Dkt. 23, Mot. to Stay Pet. at 1 ¶ 2.)

This assertion, if true, is fatal to the claim.  To meet the first prong of a claim of ineffective assistance of counsel, Hubbard must overcome "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  But his claim for relief depends on finding fault with counsel for not doing in 1992 what Hubbard says

13

could not have been done before 2014. If Hubbard is right, he cannot show that counsel performed deficiently.

On the other hand, Hubbard may be mistaken, and it may have been possible to take the Konjas' affidavits in 1992. But in that case, there is no reason Hubbard could not have raised this claim on direct appeal, or in his motion for relief from judgment, or in a timely filed habeas petition. Thus, Hubbard would be unable to excuse the procedural default of the claim caused by the state court's summary dismissal for failure to meet the requirements of a successive petition.

In other words, Hubbard needs it both ways. In order to excuse his failure to raise this claim at some point in the last 20 years, it must be true that this information could not have been discovered earlier. But in order for the claim to have any merit, it must also be true that the information could have been discovered earlier (and not only that, but that any competent counsel would have discovered it).

For either of these reasons, Hubbard is not entitled to habeas relief.

## II.   Hubbard's added claim of ineffective assistance of appellate counsel is procedurally defaulted, barring review.

Hubbard has also added a claim that his appellate counsel was constitutionally ineffective for failing to raise his Claims II, III, IV, and V on direct appeal.  This claim is procedurally defaulted because Hubbard did not raise it in his first motion for relief from judgment.  It is therefore not subject to review.

To the extent a petitioner deprives the state court of the opportunity to review his claims by failing to follow reasonable state-court procedures, review of the claims is barred.  "[P]rocedural default results where three elements are satisfied:  (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).  In this case, Hubbard's claim of ineffective assistance of appellate counsel is

procedurally defaulted because he could have raised it in his first state-court motion for relief from judgment.

The last state court to issue a reasoned opinion on his claim was the Wayne Circuit Court, which denied relief because Hubbard failed to raise this claim in his first motion for relief from judgment. This reason for denying relief constitutes a procedural default. *Moffat v. Wolfenbarger*, 2011 WL 4575432, at *16–17 (E.D. Mich. Sept. 30, 2011).

A State prisoner who fails to comply with a State's procedural rule waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 748-50 (1991); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Haliym v. Mitchell*, 492 F.3d 680, 690-91 (6th Cir. 2007). A petitioner must present a substantial reason to excuse the default. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994); *see also Amadeo v. Zant*, 486 U.S. 214, 222-23 (1988) (reviewing a claim

that a document was concealed by officials).  One recognized reason includes attorney error rising to the level of ineffective assistance of counsel.  *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).  But Hubbard cannot assert ineffective assistance of trial counsel to excuse this default because it was Hubbard himself who filed his first motion for relief from judgment, not his counsel.

Further, "the right to effective assistance of counsel is dependent on the right to counsel itself."  *Evitts v. Lucey*, 469 U.S. 387, 396 n. 7 (1985).  Because Hubbard had no right to counsel on collateral review, he cannot show ineffective assistance of counsel for failing to raise this claim on collateral review.

## CONCLUSION

Hubbard's claims are barred by the applicable statute of limitations as detailed in the State's original answer.

Hubbard procedurally defaulted several of his claims, including his new Claim VIII. He has not shown cause and prejudice to excuse the default. In addition, he has not shown failure to review the claims would result in a fundamental miscarriage of justice. Accordingly, as detailed above, habeas review of these claims is barred.

The state courts' rejection of Hubbard's claims did not result in decisions that were contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. Hubbard was "entitled to a fair trial but not a perfect one." *Lutwak v. United States*, 344 U.S. 604, 619 (1953); *see also United States v. Hajal*, 555 F.2d 558, 569 (6th Cir. 1977) ("[W]e have yet to review a perfect jury trial."). The state-court decisions in this case were not "so lacking in justification" that they resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The formidable threshold for granting habeas relief has not been met because fairminded jurists

could disagree on the correctness of the state court's decision.

*Yarborough*, 541 U.S. at 664.  Consequently, habeas relief should be denied.

Additionally, the State opposes any requests for bond, oral argument, or any other relief, including a certificate of appealability. And, Hubbard is not entitled to habeas relief because he has not established that the alleged errors had a substantial and injurious effect on the verdict in this matter.  *See Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Further, Hubbard has not demonstrated entitlement to discovery. Unlike typical civil litigants, "[h]abeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings under the Federal Rules of Civil Procedure only "for good cause."  R. Governing 2254 Cases in the U.S. Dist. Cts. 6(a).  "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' "

*Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)).  "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.' " *Williams*, 380 F.3d at 974 (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)); Habeas Rule 6(a).  "Conclusory allegations are not enough to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact." *Williams*, 380 F.3d at 974 (internal quotation marks and citation omitted).  Hubbard has not met this burden.

If this Court denies the petition, Hubbard is also not entitled to a certificate of appealability (COA) so as to proceed further.  In order to obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner

must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citations omitted).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack*, 529 U.S. at 483-84. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

When a plain procedural bar is present, and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petition should be allowed to proceed further.  In such a

circumstance, no appeal would be warranted.  *Id.*

## RELIEF

For the reasons stated in the initial response as well as those stated above, this Court should deny the amended petition.  The Court should also deny Hubbard any requested discovery, evidentiary hearings, bond, oral argument, and any other relief he seeks in this action, including a certificate of appealability.

Respectfully submitted,

Bill Schuette
Attorney General

<u>s/ Linus Banghart-Linn</u>

Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517) 373-4875
Banghart-linnl@michigan.gov
P73230

Dated: January 13, 2017
2014-0074336-A/Hubbard, Carl/Supplemental Answer

23

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> HONORABLE DAVID M. LAWSON
> MAGISTRATE JUDGE PAUL J. KOMIVES

and I hereby certify that Meagan R. Touhey has mailed by United States Postal Service the papers to the following non-ECF participant:

> Carl Hubbard #205988
> Carson City Correctional Facility
> 10274 Boyer Road
> Carson City, MI 48811

Respectfully submitted,

Bill Schuette
Attorney General

s/ Linus Banghart-Linn

Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517) 373-4875
Banghart-linnl@michigan.gov
P73230