UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUBBARD,

    Petitioner,

                              Case Number 13-14540
v.                            Honorable David M. Lawson

WILLIE SMITH,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the petitioner's motion for reconsideration of the Court's order denying his motion for an evidentiary hearing and to expand the record. The petitioner argues that the Court should reconsider its decision because (1) the affidavits presented in support of the prior motion were offered only to establish that the petitioner could not have located the witnesses in question or learned the substance of their testimony by the exercise of due diligence at any prior stage of the proceedings; and (2) the question whether the petitioner is "actually innocent," which is pertinent to the issue of whether his petition is time-barred, was presented by the petitioner to the state courts in his post-judgment proceedings, but that question never was addressed by the state courts on the merits, and it therefore must be answered in the first instance by this Court, on the basis of a freshly expanded evidentiary record.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

"Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Whether or not the factual premises of the petitioner's present motion are true, his position overlooks the basic parameters that govern this Court's review of a state court judgment of conviction in habeas proceedings. If, as the petitioner asserts, the arguments and evidence that he seeks to put into the record before this Court were presented to the state courts, then the questions before this Court are (1) whether the state courts unreasonably determined any facts in light of the record presented to them; and (2) whether, in reaching their rulings based on the facts determined, the state courts unreasonably applied any well-established principles of federal law. 28 U.S.C. § 2254(d). If any of the evidence or arguments now advanced by the petitioner have not been presented previously to the state courts, then he must raise, pursue, and exhaust those positions before the state courts in the first instance, before seeking a decision of a federal court on habeas review regarding the merits of those claims. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Either way, the petitioner does not assert that the record of proceedings that has been filed by the respondent is deficient due to the omission of any information or arguments that actually were presented to the state courts by him.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (April 24, 1996), which govern this case, circumscribe the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal

issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous"). Moreover, this Court's review of all claims presented to the state courts below is restricted to the record before the state courts, and that record is provided by the respondent's filing of the materials required by Rule 5 of the Rules Governing Section 2254 Cases. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

If the record of proceedings reveals that the petitioner's claims properly were presented, and those claims unreasonably were rejected, or the state courts improperly failed to address them, then he may be entitled to relief. But the resolution of those issues must abide the Court's consideration in due course of the record and the arguments presented by the parties.

If the object of the present petition is to advance any information or arguments that were not

-3-

properly presented to the state courts in the first instance, then this Court is barred from undertaking any review of claims based on such information or arguments, on the merits, or otherwise. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan*, 526 U.S. at 844; *McMeans*, 228 F.3d at 680-81; *Rust*, 17 F.3d at 160. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

As the Court noted in its previous order denying the motion for an evidentiary hearing and to expand the record, the Court's review of all of the claims raised in the petition and the amended petition is restricted to the record before the state courts, and that record is provided by the respondent's filing of the materials required by Rule 5 of the Rules Governing Section 2254 Cases. *Cullen*, 563 U.S. at 180. However, if, upon further review of the petition and amended petition, the

Court finds that the record of state court proceedings is incomplete or does not include all of the information that was presented to the state courts, then the Court may consider granting further appropriate relief. Similarly, the petitioner's contention that some of his claims unreasonably were ignored by the state courts must be addressed by this Court based on the record of proceedings below, and none of the additional evidence that the petitioner proposes to offer would be pertinent to this Court's resolution of that procedural question. *Ibid.*

The petitioner has not established that there was any palpable defect in the Court's decision denying his motion for an evidentiary hearing, or that any information supplemental to the record of proceedings already filed by the respondent is needed for the Court to resolve any of the claims raised in his original or amended petitions, and the Court therefore will deny the petitioner's motion for reconsideration.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration [dkt. #34] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 15, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI

---