UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUBBARD,
    Petitioner,

v.

                              Case Number 13-14540

SHERMAN CAMPBELL,
    Respondent.
                                   Honorable David M. Lawson

                                   Mag. Paul J. Komives

MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS

AND HOLD IT IN ABEYANCE OR

TO ALLOW PETITIONER TO SUPPLEMENT

FILED
FEB 26 2018
CLERK'S OFFICE
DETROIT

    NOW COMES Petitioner in pro se, Carl Hubbard, and moves this Court to hold his currently pending Petition for Writ of Habeas Corpus in abeyance and stay federal proceedings while Petitioner exhausts his state court remedies, or to grant Petitioner leave to amend his Petition for Writ of Habeas Corpus, for the following reasons:

    1. Petitioner has filed a Petition for Writ of Habeas Corpus which includes a gateway claim of actual innocence which he argues allows him to file his petition beyond the AEDPA's one-year statute of limitations. His petition also contains claims that his conviction was based on perjured testimony obtained through police coercion that the prosecutor knew was false.

    2. Since he filed that petition, he obtained evidence that he could not have discovered previously that relates back to these claims.

    3. The evidence is an affidavit from Curtis Cullins and a Polygraph Report which are attached to the brief in support of this motion.

    WHEREFORE, Petitioner Carl Hubbard asks this Court to grant his motion to stay and abey his petition for habeas corpus to allow him to return to the

POOR QUALITY ORIGINAL         -1-

FILED
FEB 26 2018

State courts to prevent the affidavit and Polygraph Report of Curtis Collins or to allow him to supplement his petition for habeas corpus to incorporate this affidavit and Polygraph Report into the arguments made in Habeas Claims I, II and III.

Respectfully submitted,

*Carl Hubbard*

Carl Hubbard #205958
Petitioner in Pro Se
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-5070

Dated: February 14, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUBBARD,
   Petitioner,

v.

SHERMAN CAMPBELL,
   Respondent.                     /

Case Number 13-14540

Honorable David M. Lawson

Mag. Paul J. Komives

BRIEF IN SUPPORT OR MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS

AND HOLD IT IN ABEYANCE OR TO ALLOW PETITIONER TO SUPPLEMENT

In Rhines v Webber, 125 S Ct 1528 (2005), the Supreme Court explained that an abeyance is appropriate only when the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentional dilatory litigation tactics." Id. at 1535.

First, there was good cause for Petitioner's failure to exhaust. The arguments that Petitioner will be raising upon his return to the state courts are based on an affidavit from Curtis Collins that could not have been obtained previously as evidenced by paragraphs 6 and 7 of his affidavit which is attached.

Second, the argument has merit. While Petitioner has previously filed a 6.500 motion and he may not file a second one unless he presents a "claim of new evidence that was not discovered before the first such motion" (MCR 6.502(G)), as explained in the above paragraph, his successive motion would be based on new evidence that could not have been discovered previously. This would allow him to file a successive motion. See People v Swain, 499 Mich 920, 920-921 (2016).

Petitioner will be arguing that the affidavit from Curtis Collins

-1-

and the Polygraph Report entitles him to a new trial under People v Mechura, 205 Mich App 481 (1994) as "[t]he discovery that testimony introduced at trial was perjured may be grounds for a new trial." Id. at 483. If denied, the facts developed in the state court in relation to Curtis Collins' affidavit and Polygraph Report will be used to support Petitioner's gateway showing of actual innocence made in Habeas Claim I of his petition.

Certainly Curtis Collins' affidavit-supported by the Polygraph Report-stating that he did not witness Petitioner kill the decedent, Rodnell Penn, will make a colorable showing of actual innocence where the judge that rendered the guilty verdict explained that the entire case centered on Curtis Collins' testimony. (T II, 101). This is especially true as there is also an affidavit that has already been presented, in support of Habeas Claim I of the petition, from an eyewitness stating that it was someone other than Petitioner that killed Rodnell Penn.

Also, the affidavit from Curtis Collins stating that he was forced by Detroit Police to commit perjury echoes back to his claim on the first day of trial of police coercion. (T I, 39, 49-51). And several of the affidavits already submitted in support of his petition also indicate that Curtis Collins has been telling people for years that he was coerced by Detroit Police to falsely accused Petitioner of the murder of Rodnell Penn.

Curtis Collins was the only prosecution witness to provide testimony that Petitioner was in any way linked to the murder of Rodnell Penn and when first called to trial, Mr. Collins testified that he had not witnessed Petitioner at the murder scene (T I, 18-19) and that he said otherwise at the preliminary examination because the Detroit Police coerced him. (T I, 39, 49-51).

After giving this testimony, Mr. Collins was arrested for perjury and held in Detroit Police custody (T III, 47-50) and two days later, returned to

give testimony implicating Petitioner. (T III, 36-40). But he did not even testify to seeing Petitioner shoot Mr. Penn. Mr. Collins only testified to hearing three or four gunshots, running across the street, and seeing Petitioner running through a field. (T III, 44-46). Mr. Collins testified that he couldn't even see the face of the person he claimed to be Petitioner but made his identification from a scar on the back of his head. (T III, 64-65).

However, Police Officer Randy Richardson testified that he could make out no more that the outline of his body in a photograph showing himself at the crime scene at about 9:45 to 10:00 in the morning that was taken at the party store (T III, 28-30) where Mr. Collins claims to have observed the crime take place. (T III, 64). And the fact that Mr. Collins claimed that he identified Petitioner from the same distance in a fairly dark area (T III, 21) by only a scar on the back of Petitioner's head (T III, 64-65) is physically impossible and clearly supports Mr. Collins' recent affidavit that he did not actually witnesses Defendant fleeing the murder scene and was coerced into giving this testimony by the Detroit Police.

Finally, Petitioner is not engaging in dilatory tactics. Indeed, it would have clearly been much easier, procedurally, to raise this claim previously than to prepare and file the numerous pleading that will be required to return to the state courts and to navigate their three tier appellate process only to return to this Court to resubmit an amended petition. Moreover, paragraphs 6 and 7 of Mr. Collins' attached affidavit indicate that Petitioner could not have previously obtained it.

If this Court believes that Petitioner will not be allowed to file a successive 6.500 motion in the trial court then he alternatively asks this Court for leave to allow him to supplement his habeas petition to include the affidavit of Curtis Collins as provided for under the Federal Rules of Civil

-3-

Procedure, Rule 15(d).

WHEREFORE, Petitioner Carl Hubbard asks this Court to grant his motion to stay and abey his petition for habeas corpus to allow him to return to the state courts to present the affidavit of Curtis Collins which is supported by the Polygraph Report, or to allow him to supplement his petition for habeas corpus to incorporate this affidavit and Polygraph Report into the argument made in Habeas Claims I, II and III.

Respectfully submitted,

Carl Hubbard

Carl Hubbard #205988
Petitioner in Pro Se
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-5000

Dated: February 14, 2018

-4-