UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUBBARD,

       Petitioner,

                                      Case Number 13-14540
v.                                       Honorable David M. Lawson

WILLIE SMITH,

       Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR GUIDANCE, AND ADMINISTRATIVELY CLOSING CASE

On October 30, 2013, the petitioner, Carl Hubbard, presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On October 20, 2014, he filed a motion to stay and hold the petition in abeyance, so that he might return to state court to exhaust additional claims. The Court granted that motion, and the petitioner subsequently proceeded in the state courts, eventually returning to file an amended petition on August 5, 2016. On February 26, 2018, the petitioner filed a second motion to stay the proceedings, so that he may present to the state courts new evidence that he recently obtained in the form of an affidavit and a report of polygraph examination of the principal witness for the State at trial, who now claims that he testified falsely when he implicated the petitioner. The respondent has not filed any response to the petitioner's second motion to stay, and the time for doing so has passed. The Court finds that the request is lawful and will grant the motion.

The petitioner also filed a "motion for guidance" in which he asks that the Court (1) stay the proceedings; (2) allow him to amend his petition; (3) appoint counsel to represent him; and (4) hold an evidentiary hearing on his claims. The cumulative request to stay the proceedings is moot in light

of the Court's decision granting the motion to stay and hold the petition in abeyance. The request for leave to file an amended petition will be denied, because the petitioner will be permitted to file an amended petition after the conclusion of the state court proceedings on his new claims. The petitioner has not shown any compelling reason why the Court should appoint counsel at this stage of the case, and that request therefore will be denied. And the motion for an evidentiary hearing will be denied because the Court's review of the claims raised in the petition — including any prospective amended petition — is confined to the record that was, or will be, before the state courts, and the petitioner may make a record of his newly obtained evidence by presenting it to the appropriate state courts in the first instance.

I.

The petitioner was convicted of first-degree murder, Mich. Comp. Laws § 750.316, following a bench trial in the Wayne County, Michigan circuit court. On September 23, 1992, he was sentenced to a mandatory term of life imprisonment without parole. The Michigan Court of Appeals affirmed the petitioner's conviction, *People v. Hubbard*, No. 159160 (Mich. Ct. App. Dec. 19, 1995), and on October 28, 1996, the Michigan Supreme Court denied the petitioner's application for leave to appeal, *People v. Hubbard*, No. 105540 (Mich. Oct. 28, 1996). On December 16, 2011, the petitioner filed a motion for relief from judgment in the state trial court, raising a number of claims that were not addressed in his direct appeal. The trial court denied that motion on March 15, 2012. The petitioner's delayed application for leave to appeal the denial of his motion for relief from judgment was denied on May 7, 2013, *People v. Hubbard*, No. 311427 (Mich. Ct. App. May 7, 2013), and, on September 30, 2013, the Michigan Supreme Court denied his application for leave to appeal, *People v. Hubbard*, No. 147211 (Mich. Sept. 30, 2013).

The petitioner filed his original petition on October 30, 2013, challenging his conviction on the grounds that: (1) the petitioner "has made a colorable claim of actual innocence which equitably tolls the AEDPA's one-year statute of limitation, overcomes any procedural bars applicable to any issues presented . . . and supports a freestanding claim of actual innocence"; (2) and (3) the conviction based on the prosecutor's knowing use of perjured testimony violated his Fourteenth Amendment right to due process; (4) the prosecution failed to disclose agreements that it entered into with certain witnesses against him in exchange for their favorable testimony; (5) trial counsel was ineffective by failing to investigate, to call certain witnesses, and to raise certain objections at trial; (6) the evidence presented at trial was insufficient to prove the crime charged beyond a reasonable doubt; and (7) "the inconsistent verdict of the trial court violated the Fourteenth Amendment." In his amended petition, Hubbard added claims that his trial counsel was ineffective by failing to call two witnesses from whom he had obtained exculpatory testimony stating that they saw him alone near the time of the murder, contrary to the testimony of the state's principal witness at trial putting the petitioner in the company of the deceased. He also argued that his appellate counsel was ineffective by failing to investigate and raise the issue of trial counsel's failure to investigate and call those witnesses at trial. He now seeks to return again to the state courts to present an affidavit from witness Curtis Collins, who was the prosecution's star witness at trial, in which Collins attested that he did not see the petitioner kill the decedent, Rodnell Penn, as Collins stated that he had when he (as he now claims, falsely) testified at trial. The petitioner also wants to present to the state court a polygraph report bolstering the sincerity of Collins's recantation.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their

claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited

circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals recently reiterated this point:

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

*Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response

from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The petitioner has filed two prior motions for relief from judgment under Subchapter 6.500, and the Michigan Court Rules normally allow a criminal defendant to file only one such motion. *People v. Ambrose*, 459 Mich. 884, 587 N.W.2d 282 (1998). However, Michigan Court Rule 6.502(G)(2) allows a second or subsequent motion where it raises claims based on new evidence that was not discovered until after the previous motions were decided. The petitioner asserts that in his prospective (third) motion for relief from judgment he intends to argue that the trial court should permit the motion based on newly discovered evidence of "actual innocence," and it is not plainly apparent that his argument would be rejected by the state courts. On the record now before the Court, it does not appear beyond doubt that a clearly applicable procedural bar would prohibit the filing of the petitioner's proposed motion. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005) (holding that federal courts "should exercise caution" in finding that a state procedural rule bars a petitioner from presenting claims based on newly discovered evidence to the Michigan courts) (citing *Gray*, 518 U.S. at 161-162).

-6-

Despite the extended lapse of time between the original conviction and the filing of the present petition, it is not plainly apparent at this stage of the proceedings that the petition was untimely.  The Michigan Supreme Court denied the petitioner's original application for leave to appeal on October 28, 1996, and the initiating petition in this matter was filed well beyond the one-year limitations period following the conclusion of the petitioner's direct appeal.  However, the petitioner alleged in his petition that he has a colorable claim of "actual innocence" that first was raised in his previous post-conviction motion for relief from judgment, and that this claim provides a basis for tolling the AEDPA one-year limitations period.  *See Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (describing the "actual innocence exception" as a "fundamental miscarriage of justice exception, grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons") (quotations and alterations omitted)).

Nevertheless, even if the petitioner prevails on his tolling claim and his original petition is found to be timely filed, the statute of limitations under 28 U.S.C. § 2244(d)(1) still should give the petitioner cause for concern.  The Michigan Supreme Court denied the petitioner's application for leave to appeal the denial of his previous motion for relief from judgment — in which his claim of "actual innocence" first was raised — on September 30, 2013.  That decision became final on December 29, 2013, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired.  The one-year limitations period commenced on the following day, December 30, 2013.  *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period

applicable to habeas corpus petitions).  The petitioner filed the present petition on October 30, 2013, two months before his conviction became final.  His motion indicates that he has not yet filed his third motion for relief from judgment based on his new unexhausted claims in the state trial court. Once the state trial court resolves any prospective motion that he may file, the petitioner has 21 days from the date of the state trial court's decision to appeal the trial court's ruling.  Mich. Ct. R. 6.509(A), 7.205(A)(1).  If the Court does not toll the limitations period during the pendency of the renewed state court proceedings, then the applicable one-year limitations period would have long expired and any subsequent habeas petition filed by him would be untimely, by the time that the state courts resolve any appeal from the trial court's denial of his third motion for relief from judgment.  The respondent has not opposed the petitioner's request for a stay of proceedings.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims.  All of the claims raised in the original petition and the amended petition now have been exhausted, but the new claims that the petitioner describes in his motion to stay have not.  The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise these claims in the state courts due to the alleged ineffective assistance of his trial and appellate counsel.  *Id.*, at 419, n.4 & 5.  It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the

petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts, within 28 days after the entry of this order, and he must ask this Court to lift the stay within 28 days after exhausting his state court remedies.

### III.

As previously noted, the petitioner asserted several requests for miscellaneous relief in his "motion for guidance." The Court has reviewed the record of the proceedings and finds that he has not advanced any persuasive reason for the Court to exercise its discretion to appoint counsel in these post-conviction civil proceedings. There is no constitutional right to counsel for habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005). Habeas proceedings are civil proceedings, *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978), and "'appointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The petitioner asserts that he requires the assistance of counsel in order adequately to present his claims to the Court. However, after reviewing the petition and amended petition the Court finds that they raise routine claims of ineffective assistance and other constitutional deficiencies in the fairness of the state court proceedings, and that the pleadings adequately outline the facts and law pertinent to those claims sufficiently to allow the Court to address them. The assistance of counsel is not needed further to illuminate the grounds that the petitioner has advanced to support his claims.

The request for an evidentiary hearing will be denied for the same reasons that the Court previously denied another motion by the petitioner seeking the same relief. It is not the task of this

Court in a habeas proceeding to determine in the first instance whether any testimony given at trial by any witness was tainted or false, whether the State unlawfully withheld evidence favorable to the defense, whether the petitioner's trial or appellate attorneys were ineffective, whether the evidence at trial was sufficient to support a guilty verdict, or whether the petitioner is "actually innocent" of any of the crimes of conviction. Those are all issues that must addressed by the state courts initially. Instead, the function of this Court on habeas review is to decide whether the state courts unreasonably determined any facts or unreasonably applied any clearly established federal law when resolving those claims. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because the present petition and amended petition were filed after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

This Court's review of the claims raised in the petition and the amended petition is restricted to the record before the state courts, and that record is provided by the respondent's filing of the materials required by Rule 5 of the Rules Governing Section 2254 Cases. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state

court that adjudicated the claim on the merits."). If, upon further review of the petition and amended petition, the Court finds that the record of state court proceedings is incomplete or does not include all of the information considered by the state courts, then the Court may consider granting further appropriate relief.

The Court will deny as moot the petitioner's cumulative requests to stay the proceedings and for leave to file an amended petition that were raised in the motion for guidance, because the Court's grant of the motion to stay affords the petitioner substantially the same relief, subject to all of the following conditions that are imposed by this order.

IV.

Accordingly, it is **ORDERED** that the petitioner's second motion to hold the petition in abeyance [37] is **GRANTED**.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to his unexhausted claims, by properly submitting appropriate filings to the state court **within twenty-eight (28) days** following the entry of this order.

It is further **ORDERED** that the petitioner must file an amended petition in this Court **within twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **fifty-six (56) days** thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court shall

**CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that the petitioner's motion for guidance [36] is **DENIED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated:   March 16, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2018.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI