
AO 241
(Rev. 10/07)

POOR QUALITY ORIGINAL

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

13-14540

| United States District Court | District: Eastern | |
|---|---|---|
| Name (under which you were convicted):<br><br>Carl Hubbard | | Docket or Case No.:<br><br>92-001856-01-FC |
| Place of Confinement :<br>Carson City Correctional Facility<br>10274 Boyer Road, Carson City, MI 48811 | | Prisoner No.:<br><br>205988 |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| CARL HUBBARD | v. | WILLIE SMITH |
| The Attorney General of the State of Michigan | | |

**PETITION**

F I L E D
OCT 3 0 2019
CLERK'S OFFICE
DETROIT

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

Wayne County Circuit Court, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

   (b) Criminal docket or case number (if you know): 92-001856-01-FC

2. (a) Date of the judgment of conviction (if you know): September 2, 1992

   (b) Date of sentencing: September 23, 1992

3. Length of sentence: Life without the possibility of parole

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

Murder in the first degree (MCL § 750.316)

6. (a) What was your plea? (Check one)

   ☒ 1) Not    ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty    ☐ (4) Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   **Michigan Court of Appeals**

(b) Docket or case number (if you know):   **159160**

(c) Result:   **Denied**

(d) Date of result (if you know):   **September 13, 1993 and December 19, 1995**

(e) Citation to the case (if you know):   _____

(f) Grounds raised:   **See attached page**

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   **Michigan Supreme Court**

(2) Docket or case number (if you know):   **105540**

(3) Result:   **Denied**

9

I. THIS CASE SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE RECALL OF THE PEOPLE'S WITNESS CURTIS COLLINS AND HIS LATER TRIAL TESTIMONY WAS THE PRODUCT OF IMPROPER COERCION BY THE PROSECUTOR AND/OR DETROIT POLICE.

II. THIS CASE SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

III. THIS CASE SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER A WARRANTLESS ARREST AND DELAYED ARRAIGNMENT OF DEFENDANT WAS A VIOLATION OF CONSTITUTIONAL RIGHTS AND WHETHER HIS IN-CUSTODY POLICE STATEMENT SHOULD HAVE BEEN EXCLUDED AS EVIDENCE AT TRIAL.

IV. WHERE THE PROSECUTOR'S CASE FAILED TO SET FORTH BEYOND A REASONABLE DOUBT AS TO EACH ELEMENT OF THE OFFENSE, THE COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT'S MOTION FOR A DIRECTED VERDICT.

V. DEFENDANT'S CONVICTION SHOULD BE REVERSED BECAUSE THE EVIDENCE PRESENTED AT TRIAL FAILED TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.

VI. DEFENDANT'S BENCH TRIAL CONVICTION SHOULD BE OVERTURNED BECAUSE THE LOWER COURT'S DECISION WAS NOT ADEQUATELY SUPPORTED BY FINDINGS AND CONCLUSIONS, AND THE TRIAL JUDGE'S DECISION AMOUNTED TO AN IMPROPER, INCONSISTENT VERDICT.

The following issues were raised pro per by Petitioner:

I. THE INVESTIGATING OFFICERS AND THE PROSECUTION USED INTIMIDATING UNPROFESSIONAL CONDUCT TO OBTAIN STATEMENT AND SECURE TESTIMONY FROM PEOPLE'S KEY WITNESS MR. CURTIS COLLINS.

II. THE ADMISSION OF THE PRELIMINARY EXAMINATION WAS IMPROPER WHERE THE WITNESS WAS PRESENT AT TRIAL AND REPUDIATED HIS PRIOR TESTIMONY.

III  IMPROPER IMPEACHMENT/RES GESTAE WITNESS/PROSECUTORIAL MISCONDUCT.

IV. INADMISSIBILITY OF EVIDENCE OF UNCHARGED CRIME/SIMILAR ACT/PROSECUTORIAL MISCONDUCT.

V. ADMISSIBILITY OF PRIOR CONSISTENT STATEMENT/IMPROPER REHABILITATION OF WITNESS/PROSECUTORIAL MISCONDUCT.

VI. PROSECUTORIAL MISCONDUCT/FALSE TESTIMONY.

AO 241
(Rev. 10/07)

(4) Date of result (if you know): October 28, 1996

(5) Citation to the case (if you know): People v Hubbard, 453 Mich 916 (1996)

(6) Grounds raised: Same as listed in 9(f) above

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Wayne County Circuit Court

(2) Docket or case number (if you know): 92-001856-01-FC

(3) Date of filing (if you know): December 16, 2011

(4) Nature of the proceeding: Motion for relief from judgment

(5) Grounds raised: See attached page

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☐ Yes   ☒ No

(7) Result: Denied

I. DEFENDANT IS ENTITLED TO A NEW TRIAL BASED ON THE NEWLY DISCOVERED EVIDENCE PRESENT TO THIS COURT.

II. DEFENDANT'S CONVICTION THAT WAS BASED ON PERJURED TESTIMONY VIOLATED HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

III. DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL WHERE THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY TO OBTAIN THIS CONVICTION.

IV  THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT WAS VIOLATED TO THE EXTENT THAT THE STATE FAILED TO DISCLOSE AGREEMENTS FOR MR. COLLINS' FAVORABLE TESTIMONY.

V. DEFENDANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL COUNSEL FAILED TO (A) INVESTIGATE AND CALL ROY BURFORD AND STEVE KONJA TO TESTIFY AT TRIAL, (B) QUESTION CURTIS COLLINS ABOUT HIS PENDING PAROLE VIOLATION AND WHETHER HE BELIEVED OR EVEN HOPED THAT HE WOULD SECURE IMMUNITY OR A LIGHTER SENTENCE, OR ANY OTHER FAVORABLE TREATMENT FROM THE PROSECUTOR, (C) MOVE FOR THE SUPPRESSION OF MR  COLLINS' IN-COURT IDENTIFICATION OF DEFENDANT, AND (D) DO ALL OF THE ABOVE WHICH, WHEN CONSIDERED CUMULATIVELY, DEMONSTRATE THAT DEFENDANT WAS PREJUDICED BY COUNSEL'S ERRORS

VI  DEFENDANT IS ENTITLED TO A NEW TRIAL ON THE GROUNDS THAT THE VERDICT WAS AGAINST THE GREAT WEIGHT OF THE EVIDENCE

VII  THE "GOOD CAUSE" REQUIREMENT OF MCR 6 508(D)(3) SHOULD BE WAIVED WHERE DEFENDANT HAS SHOWN THAT HE IS ACTUALLY INNOCENT.

VIII  DEFENDANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHICH PROVIDES THE "GOOD CAUSE" REQUIRED BY MCR 6 508(D)(3).

Page 4

AO 241
(Rev. 10/07)

(8) Date of result (if you know): March 15, 2012

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Wayne County Circuit Court

(2) Docket or case number (if you know): 92-001856-01-FC

(3) Date of filing (if you know): February 2015

(4) Nature of the proceeding: Motion for relief from judgment

(5) Grounds raised: I. DEFENDANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL LAWYER FAILED TO INVESTIGATE AND CALL THE STORE OWNERS SAMIR KONJA AND RAAD KONJA TO TESTIFY AT TRIAL, AND ALSO FAILED TO CALL "BARBARA" TO TESTIFY ON THE THIRD DAY OF TRIAL.    II. THE "GOOD CAUSE" REQUIREMENT OF MCR 6 508(D)(3), ALONG WITH THE APPLICATION OF MCR 6 502(G), SHOULD BE WAIVED WHERE DEFENDANT HAS SHOWN THAT HE IS ACTUALLY INNOCENT.    III. DEFENDANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHICH PROVIDES THE "GOOD CAUSE" REQUIRED BY MCR 6.508(D)(3)(a).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied

(8) Date of result (if you know): March 30, 2015

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Wayne County Circuit Court

(2) Docket or case number (if you know): 92-001856-01-FC

(3) Date of filing (if you know): May 17, 2018

(4) Nature of the proceeding: Motion for relief from judgment

(5) Grounds raised: I. DEFENDANT IS ENTITLED TO A NEW TRIAL BASED ON THE EVIDENCE WHICH SHOWS THAT HIS CONVICTION WAS OBTAINED THROUGH PERJURED TESTIMONY.    II. DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL WHERE THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY TO OBTAIN A CONVICTION.    III. DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL WHERE POLICE AND PROSECUTOR THREATENED AND INTIMIDATED CURTIS COLLINS INTO COMMITTING PERJURY.    IV. DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL WHERE THE PROSECUTOR WITHHELD EVIDENCE.    V. THE "GOOD CAUSE" REQUIREMENT OF MCR 6 508(D)(3)(a) SHOULD BE WAIVED WHERE DEFENDANT DEFENDANT HAS SHOWN THAT HE IS ACTUALLY INNOCENT.

13

Page 5

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: __Denied__

(8) Date of result (if you know): __October 2, 2019__

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☒ Yes   ☐ No

(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** IT WAS A VIOLATION OF DEFENDANT'S FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR

TRIAL WHERE HIS MOTION FOR A NEW TRIAL BASED ON THE NEW EVIDENCE WHICH SHOWS THAT HIS CONVICTION WAS OBTAINED THROUGH PERJURED TESTIMONY WAS DENIED.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner provided the trial court with a polygraph report and a DVD/disk of that polygraph examination

to demonstrate the reliability of Curtis Collins' claim that he provided perjured testimony implicating

Petitioner in the murder of Mr. Penn due to threats by the police and prosecutor. He indicates that

he will testify on retrial that he was not present at the scene of the crime and witnessed nothing

that would implicate Petitioner in the murder. He would testify he wasn't in

the Store, or outside the Store on gray & Mack on Jan-17-1992, and was

A deal to testify Flasy Agwish the petitioner, And he Never Seen the petitioner

with Rodnell Penn on Jan-17-1992- on gary & mack

(b) If you did not exhaust your state remedies on Ground One, explain why:

14f

AO 241
(Rev. 10/07)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

The facts were not available.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for relief from judgment

Name and location of the court where the motion or petition was filed:   Wayne County Circuit Court, Frank

Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

Docket or case number (if you know):   92-001856-01-FC

Date of the court's decision:   October 2, 2019

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The denial of a successive motion for relief from judgment may not be appealed. Williams v

Birkett, 670 F 3d 729, 733 (6th Cir. 2012); MCR 6 502(G)(1).

15

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** PETITIONER WAS DENIED HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR

TRIAL WHERE THE PROSECUTION KNOWINGLY USED PERJURED TESTIMONY TO OBTAIN A CONVICTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Curtis Collins' affidavit indicates that he gave testimony implicating Petitioner on the third day

of trial because he was threatened and coerced by the prosecutor. This is evidence showing that the

prosecutor presented testimony that he knew was false which was material to guilt in this case and

is bolstered by Mr. Collins' polygraph results and the DVD/disk recording of the polygraph examination.

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c)     **Direct Appeal of Ground Two:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

      The facts were not available.

(d)     **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☒ Yes    ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:   Motion for relief from judgment

      Name and location of the court where the motion or petition was filed:   Wayne County Circuit Court, Frank

      Murphy Hall of Justice, 1441 St Antoine, Detroit, MI 48226

      Docket or case number (if you know):   92-001856-01-FC

16

AO 241
(Rev. 10/07)

Date of the court's decision: <u>October 2, 2019</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

<u>The denial of a successive motion for relief from judgment may not be appealed  Williams v</u>

<u>Birkett, 670 F 3d 729, 733 (6th Cir. 2012); MCR 6.502(G)(1).</u>

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**  PETITIONER WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL WHERE POLICE

AND PROSECUTOR THREATENED AND INTIMIDATED CURTIS COLLINS INTO COMMITTING PERJURY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Mr. Collins' affidavit indicates that he was threatened and coerced by police and the prosecutor.</u>

<u>This claim is bolster by the polygraph results and DVD/disk recording of the polygraph examination.</u>

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

The facts were not available.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for relief from judgment

Name and location of the court where the motion or petition was filed:   Wayne County Circuit Court, Frank

Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

Docket or case number (if you know):   92-001856-01-FC

Date of the court's decision:   October 2, 2019

Result (attach a copy of the court's opinion or order, if available):   Denied

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The denial of a successive motion for relief from judgment may not be appealed. Williams v
Birkett, 670 F 3d 729, 733 (6th Cir  2012); MCR 6.502(G)(1).

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**   DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL WHERE THE
PROSECUTOR WITHHELD EVIDENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecutor withheld the fact that he, Sergeant Kinney, and Sergeant Gale had coerced and
intimidated Curtis Collins into giving false testimony implicating Petitioner Hubbard in the
murder of Rodnell Penn.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

The facts were not available.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Page 11

AO 241
(Rev. 10/07)

Type of motion or petition: __Motion for relief from judgment.__

Name and location of the court where the motion or petition was filed: __Wayne County Circuit Court, Frank__

__Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226__

Docket or case number (if you know): __92-001856-01-FC__

Date of the court's decision: __October 2, 2019__

Result (attach a copy of the court's opinion or order, if available): __Denied__

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

__The denial of a successive motion for relief from judgment may not be appealed. Williams v__

__Birkett, 670 F 3d 729, 733 (6th Cir. 2012); MCR 6 502(G)(1).__

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

20

**GROUND FIVE:** See attached page.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): _____

Petitioner presents newly discovered evidence that has been presented to this Court within one-year of its discovery within the meaning of 28 U.S.C. § 2244(d)(1)(D) and also establishes a colorable claim of actual innocence which equitably tolls the AEDPA statute of limitations, overcomes any procedural bars applicable to any issues presented, permits an evidentiary hearing in this Court, and supports a freestanding claim of actual innocence. This evidence includes affidavits from Mr. Collins, Mr. Hill, Raad and Smair Konja, and many others, which are all support by Collins' polygraph.

(b) **Direct Appeal of Ground FIVE:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

The facts were not available.

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: Motion for relief from judgment.

Name and location of the court where the motion was filed: Wayne County Circuit Court, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

Docket or case number: 92-001856-01-FC

Result (attach a copy of the court's opinion and order, if available): Denied

_____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion? Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

21

PETITIONER TIMELY FILED HIS PETITION WITHIN THE ONE-YEAR STATUTE OF LIMITATIONS PERIOD AS DEFINED BY 28 U.S.C. § 2244(d)(1)(D) AND, ADDITIONALLY, HAS MADE A COLORABLE CLAIM OF ACTUAL INNOCENCE WHICH EQUITABLY TOLLS THE AEDPA'S STATUTE OF LIMITATIONS, OVERCOMES ANY PROCEDURAL BARS APPLICABLE TO ANY ISSUES PRESENTED, PERMITS AN EVIDENTIARY HEARING IN THIS COURT, AND SUPPORTS A FREESTANDING CLAIM OF ACTUAL INNOCENCE.

If yes, answer the following:

Date you filed: _____

Name and location of court: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

(d) **Other Remedies**:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground **Five:** _____

_____

_____

(e) If you did not exhaust your state remedies on Ground **Five**  explain why: _____

The denial of a successive motion for relief from judgment may not be appealed. Williams v

Birkett, 670 F 3d 729, 733 (6th Cir 2012); MCR 6 502(G)(1).

**GROUND SIX:**    PETITIONER'S CONVICTION THAT WAS BASED ON PERJURED TESTIMONY VIOLATED HIS

FOURTEENTH AMENDMENT DUE PROCESS RIGHTS.

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim): _____

Based on the affidavits (absent Curtis Collins') and documents attached as exhibits in support of

a colorable claim of actual innocence made in Argument V, along with an examination of the facts

in support of that argument as well, it is apparent that Petitioner was denied a fundamentally

fair trial where Mr. Collins gave false testimony on the third day of trial implicating Petitioner

_____

_____

(b) **Direct Appeal of Ground SIX:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  Yes ☐  No ☒

(2)  If you did not raise this issue in your direct appeal, explain why: _____

The facts were not available. Also, appellate counsel was ineffective.

_____

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: December 28, 2011

Name and location of the court where the motion was filed: Wayne County Circuit Court, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

Docket or case number: 92-001856-01-FC

Result (attach a copy of the court's opinion and order, if available): Denied

Date of result: March 15, 2012

(3) Did you receive a hearing on your motion? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion? Yes☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☒ No ☐

If yes, answer the following:

Date you filed: 2012

Name and location of court: Michigan Court of Appeals in Lansing Michigan.

Docket or case number: 311427

Result (attach a copy of the court's opinion and order, if available) : Denied

Date of result: May 7, 2013

(d) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:

Petitioner filed an Application for Leave to Appeal to the Michigan Supreme Court which was denied under docket number 147211 on September 30, 2013.

(e) If you did not exhaust your state remedies on Ground Six , explain why:

24

**GROUND SEVEN:** PETITIONER WAS DENIED HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL WHERE THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY TO OBTAIN A CONVICTION.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): _____

The prosecutor knowingly used perjured testimony when he asked Mr. Collins at trial "is the only reason you are coming in and telling the Judge that you lied Monday morning merely because now you are facing potential charges?" and then allowed Mr. Collins to respond "No" as several items of evidence presented with this argument show that this was not true.

_____

_____

(b) **Direct Appeal of GROUND SEVEN:**

   (1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: _____

The facts were not available. Also, appellate counsel was ineffective. _____

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☒ No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: December 28, 2011 _____

Name and location of the court where the motion was filed: Wayne County Circuit Court, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226 _____

Docket or case number: 92-001856-01-FC _____

Result (attach a copy of the court's opinion and order, if available): Denied _____

_____

Date of result: March 15, 2012 _____

   (3) Did you receive a hearing on your motion? Yes ☐ No ☒

   (4) Did you appeal from the denial of your motion? Yes ☒ No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☒ No ☐

If yes, answer the following:

Date you filed: 2012

Name and location of court: Michigan Court of Appeals in Lansing Michigan.

Docket or case number: 311427

Result (attach a copy of the court's opinion and order, if available) : Denied

Date of result: May 7, 2013

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on **GROUND SEVEN**

Petitioner filed an Application for Leave to Appeal to the Michigan Supreme Court which was denied under docket number 147211 on September 30, 2013.

(e) If you did not exhaust your state remedies on **GROUND SEVEN** explain why: _____

**GROUND EIGHT:** THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT WAS VIOLATED TO THE EXTENT THAT THE STATE FAILED TO DISCLOSE AGREEMENTS FOR MR. COLLINS' FAVORABLE TESTIMONY.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): _____
There were three separate crimes for which undisclosed agreements were made with Mr. Collins for his favorable testimony. There was the perjury charge, the parole violation, and the agreement not to charge Mr. Collins with the murder of Mr. Penn made by the Detroit Police.

(b) **Direct Appeal of** **GROUND EIGHT:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____
The facts were not available. Also, appellate counsel was ineffective.

26

page 17

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: December 28, 2011

Name and location of the court where the motion was filed: Wayne County Circuit Court, Frank Murphy

Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

Docket or case number: 92-001856-01-FC

Result (attach a copy of the court's opinion and order, if available): Denied

Date of result: March 15, 2012

(3) Did you receive a hearing on your motion? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion? Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☒ No ☐

If yes, answer the following:

Date you filed: 2012

Name and location of court: Michigan Court of Appeals in Lansing Michigan.

Docket or case number: 311427

Result (attach a copy of the court's opinion and order, if available) : Denied

Date of result: May 7, 2013

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on **GROUND EIGHT:**

Petitioner filed an Application for Leave to Appeal to the Michigan Supreme Court which was

denied under docket number 147211 on September 30, 2013.

(e) If you did not exhaust your state remedies on **GROUND EIGHT** explain why: 

27

**GROUND NINE:** <u>See attached page.</u>

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim): _____

Petitioner trial lawyer was ineffective for failing to investigate and call several witnesses,

question Mr. Collins about his pending parole violation and move for the suppression of his in-court

identification of Petitioner, object to the use of Petitioner's statement obtained in violation of

the fourth amendment, and do all of the above which, when considered cumulatively, demonstrates that

Petitioner was prejudiced by counsel's errors.

(b) **Direct Appeal of GROUND NINE:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?  Yes ☐  No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   The facts were not available. also, appellate counsel was ineffective.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?  Yes ☒  No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Date motion was filed: _2012 and February 2015_

   Name and location of the court where the motion was filed: Wayne County Circuit Court, Frank Murphy

   Hall of Justice, 1441 St. Antoine, Detroit, MI 48226

   Docket or case number: _92-001856-01-FC_

   Result (attach a copy of the court's opinion and order, if available): _Denied_

   Date of result: May 7, 2013 and March 30, 2015

   (3) Did you receive a hearing on your motion?  Yes ☐  No ☒

   (4) Did you appeal from the denial of your motion?  Yes ☒  No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes ☒  No ☐

PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL COUNSEL FAILED TO (A) INVESTIGATE AND CALL ROY BURFORD, STEVE KONJA, RAAD KONJA, SAMIR KONJA, AND ALSO FAILED TO CALL "BARBARA" TO TESTIFY ON THE THIRD DAY OF TRIAL, (B) QUESTION CURTIS COLLINS ABOUT HIS PENDING PAROLE VIOLATION AND WHETHER HE BELIEVED OR EVEN ONLY HOPED THAT HE WOULD SECURE IMMUNITY, A LIGHTER SENTENCE, OR ANY OTHER FAVORABLE TREATMENT FROM THE PROSECUTOR, (C) MOVE FOR THE SUPPRESSION OF MR. COLLINS' IN-COURT IDENTIFICATION OF PETITIONER, (D) OBJECT TO THE ADMISSION OF PETITIONER'S STATEMENT OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT, AND (E) DO ALL OF THE ABOVE WHICH, WHEN CONSIDERED CUMULATIVELY, DEMONSTRATES THAT PETITIONER WAS PREJUDICED BY COUNSEL'S ERRORS.

If yes, answer the following:

Date you filed: 2012 and 2015

Name and location of court: Michigan Court of Appeals in Lansing Michigan.

Docket or case number: 311427 and 326995

Result (attach a copy of the court's opinion and order, if available) : Denied

Date of result: May 7, 2013 and June 2, 2015

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on **GROUND NINE:**

Petitioner filed an Application for Leave to Appeal to the Michigan Supreme Court which was denied

under docket number 147211 on September 30, 2013 and on July 26, 2016 in docket number 151806.

(e) If you did not exhaust your state remedies on Ground Nine , explain why:

**GROUND TEN:** PETITIONER'S CONVICTION SHOULD BE REVERSED BECAUSE THE EVIDENCE PRESENTED AT TRIAL FAILED TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner was charged with first degree murder and the prosecutor failed to present sufficient

evidence to satisfy all of the elements of that charge.

(b) **Direct Appeal of   GROUND TEN:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Page 20

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☐  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: _____

Name and location of the court where the motion was filed: _____

_____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐  No ☐

(4) Did you appeal from the denial of your motion? Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☐  No ☐

If yes, answer the following:

Date you filed: _____

Name and location of court: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

(d) **Other Remedies**:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on    **GROUND TEN:**    _____

_____

_____

(e) If you did not exhaust your state remedies on **Ground Ten**  explain why: _____

_____

_____

_____

**GROUND ELEVEN:** THE INCONSISTENT VERDICT OF THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): _____

Petitioner was convicted of a murder that was commited with a gun but was acquitted of possessing a gun.

_____

_____

_____

_____

_____

(b) **Direct Appeal of  GROUND ELEVEN:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?  Yes ☒  No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?  Yes ☐  No ☐

    (2)  If your answer to Question (d)(1) is "Yes," state:

    Date motion was filed: _____

    Name and location of the court where the motion was filed: _____

    _____

    Docket or case number: _____

    Result (attach a copy of the court's opinion and order, if available): _____

    _____

    Date of result: _____

    (3)  Did you receive a hearing on your motion?  Yes ☐  No ☐

    (4)  Did you appeal from the denial of your motion?  Yes ☐  No ☐

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes ☐  No ☐

If yes, answer the following:

Date you filed: _____

Name and location of court: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on **GROUND ELEVEN:** _____

_____

_____

(e) If you did not exhaust your state remedies on Ground Eleven explain why: _____

_____

_____

**GROUND TWELVE:** PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE HIS APPELLATE COUNSEL FAILED TO RAISE ARGUMENTS VI, VII, VIII AND IX.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): _____

Petitioner's appellate counsel provided ineffective assistance on appeal where he failed to raise

Arguments VI, VII, VIII and IX.

_____

_____

_____

_____

(b) **Direct Appeal of GROUND TWELVE:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

To raise a "claim of ineffective assistance of appellate counsel on direct appeal is ...

manifestly impossible". Henderson v Palmer, 730 F 3d 554, 561 (6th Cir. 2013).

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: <u>2012 and February 2015</u>

Name and location of the court where the motion was filed: <u>Wayne County Circuit Court, Frank Murphy</u>

<u>Hall of Justice, 1441 St. Antoine, Detroit, MI 48226</u>

Docket or case number: <u>92-001856-01-FC</u>

Result (attach a copy of the court's opinion and order, if available): <u>Denied</u>

Date of result: <u>May 7, 2013 and March 30, 2015</u>

(3) Did you receive a hearing on your motion? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion? Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☒ No ☐

If yes, answer the following:

Date you filed: <u>2012 and 2015</u>

Name and location of court: <u>Michigan Court of Appeals in Lansing Michigan.</u>

Docket or case number: <u>311427 and 326995</u>

Result (attach a copy of the court's opinion and order, if available) : <u>Denied</u>

Date of result: <u>May 7, 2013 and June 2, 2015</u>

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on   **GROUND TWELVE:** <u>Petitioner filed an Application for Leave to Appeal to the Michigan Supreme Court which was denied under docket number 147211 on September 30, 2013 and on July 26, 2016 in docket number 151806.</u>

(e) If you did not exhaust your state remedies on **Ground Twelve** explain why: _____

'34

AO 241
(Rev. 10/07)

_____

_____

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    [X] Yes    [ ] No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

**No**
_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    [X] Yes    [ ] No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

Petitioner has previously filed a petition for writ if habeas corpus with this Court under

docket number 13-14540 and this petition was held in abeyance on March 16, 2018. The issues

that were previously are now Argument V through XII.

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    [ ] Yes    [X] No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

AO 241
(Rev. 06/13)

Page 25

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Ronald Giles (P 38107)

(b) At arraignment and plea:

(c) At trial: Ronald Giles (P 38107)

(d) At sentencing: Ronald Giles (P 38107)

(e) On appeal: Frederick M. Finn (P 32268) and Gerald Surowski (P 21172).

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

In Argument V Petitioner asserts that he has filed within one-year of the factual predicate of several of the claims presented. 28 U.S.C. § 2244(d)(1)(D). If this Court were to reject this position, Petitioner has alternatively argued that all claims may be heard as he has made a showing of actual innocence in Argument V.

36

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant his petition for writ of habeas corpus. And Grant an Evidentiary hearing, and to Expand the Record, And a Discovery pursant to rule 6, Grant A New trial, And a Unconditional Writ of habeas Corpus.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  10-24-2019  (month, date, year).

Executed (signed) on  10-24-2019  (date).

_____
Carl Hubbard. #205988
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF WAYNE
CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN
                    Plaintiff,

vs.                                         Case No. 92-001856-01-FC
                                            Hon. Lawrence S. Talon

CARL HUBBARD,
                    Defendant.

_____/

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY _____
            DEPUTY CLERK

## ORDER AND OPINION DENYING DEFENDANT'S
## SUCCESSIVE (3RD) MOTION FOR RELIEF FROM JUDGMENT

At a session of said Court held in the Frank
Murphy Hall of Justice on  OCTOBER 2, 2019
PRESENT: HON.  LAWRENCE S. TALON
Circuit Court Judge

**PROCEDURAL POSTURE**

On September 2, 1992, following a bench trial before Judge Richard P. Hathaway,

Defendant was found guilty of **Homicide – Murder First Degree – Premeditated MCL**

**750.316-A;** the Defendant was found not guilty of Weapons Felony Firearm and the

Court dismissed the Habitual Fourth Offense Notice.

On September 23, 1992 Judge Richard P. Hathaway sentenced Defendant to a

term of life imprisonment for the **Homicide-Murder First Degree-Premeditated**

conviction.

On December 19, 1995 the Michigan Court of Appeals unpublished per curiam Opinion [Docket No. 159160] Affirmed Defendant's conviction and life sentence for Homicide-Murder First Degree-Premeditated.

On October 28, 1996 Michigan Supreme Court Order [Docket No. 105540] Denied Defendant's Application for Leave to Appeal.

On March 18, 2009 Judge James R. Chylinski Denied Defendant's Motion to Expand the Record or for an Evidentiary Hearing.

On March 15, 2012 Judge Michael M. Hathaway Denied Defendant's Motion for Relief from Judgment.

On May 31, 2012 Judge Michael M. Hathaway Denied Defendant's Motion for Reconsideration.

On May 7, 2013 the Michigan Court of Appeals [Docket No. 311427] Denied Defendant's Delayed Application for Leave to Appeal the March 15, 2012 Order Denying Defendant's Motion for Relief from Judgment and Motion to Remand.

On September 30, 2013 the Michigan Supreme Court Order [Docket No. 147211] Denied Defendant's Application for Leave to Appeal the Michigan Court of Appeals Order; Defendant failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

On March 30, 2015 Judge Michael M. Hathaway Denied Defendant's successive Motion for Relief from Judgment.

On June 2, 2015 Michigan Court of Appeals Order [Docket No. 326995] Motion to Remand is Denied; Defendant's Delayed application for Leave is Dismissed; no appeal

may be taken from the denial or rejection of a successive motion for Relief from Judgment **MCR 6.502(G)(1).**

On July 26, 2016 Michigan Supreme Court Order {Docket No. 151806] Denied Defendant's Leave to Appeal the June 2, 2015 Michigan Court of Appeals Order.

On May 17, 2018 Defendant filed pro se the instant Motion for Relief from Judgment (3rd Successive).

On June 21, 2018 Defendant filed a supplement to the Motion for Relief from Judgment with a DVD recording in which Defendant contends he obtained a videotaped copy of the polygraph examination of Curtis Collins that reveals his demeanor in answering questions prior to and during the polygraph examination.

Defendant now claims and contends in his third (3rd) successive MRJ that he is entitled to a new trial based on new evidence that was not discovered before his earlier motions which shows that his conviction was obtained through perjured testimony and in Defendant's Supplement to the Motion for Relief from Judgment[1] requests the Court to allow him to supplement Exhibit B[2] of the Motion for Relief from Judgment to include a recorded polygraph examination of Curtis Collins[3] which reveals his demeanor in answering questions prior to and during the polygraph examination. Defendant argues that this will better assist the Court in determining whether or not to grant his motion for an evidentiary hearing pursuant to MCR 6.508(C).[4]

---

[1] DVD/disk included with Defendant's Motion to Supplement Motion for Relief from Judgment
[2] Motion for Relief from Judgment Exhibit B Copy of a Polygraph Report dated February 1, 2018
[3] Prosecution's key witness (COA Opinion December 19, 2015 Dkt No. 159160)
[4] March 18, 2009 Order Denying Defendant's Motion to Expand the Record Pursuant to MCR 6.507(A) or for an Evidentiary Hearing Pursuant to MCR 6.508(D)

Following review and inspection of the DVD/disk submitted by Defendant, the DVD/disk was found to be unreadable to play any audio or content and appears defective.

On October 17, 2018 the Court held Defendant's Motion for Relief from Judgment and Supplemental Motion for Relief from Judgment were held in abeyance for thirty (30) days to allow the Defendant to present to the Court a working DVD/disk and to file a proper proof of service.[5]

On or about November 14, 2018 Defendant presented to the Court a working DVD/Disk representing a recorded polygraph exam of Curtis Collins.

January 22, 2019 Defendant by and through his attorney filed a Stipulated Adjournment of Defendant's 6.500 Motion for (60) days to allow counsel for defendant to supplement Defendant's existing successive 6.500 motion and to have the prosecutor's conviction and integrity unit review the underlying conviction.

On April 3, 2019, the Court entered an Order Granting Defendant's Counsel Motion to Withdraw and Order for the Prosecutor to Respond to Defendant's Successive Motion for Relief from Judgment.

**FACTUAL SUMMARY**

Defendant was tried for the homicide of Rodnell Penn.  Defendant stipulated that he had been charged with a prior murder and that the case had been dismissed after Rodnell Penn and other witnesses failed to come to court on the date of the trial.

---

[5] MCR 6.503(B)

Penn had testified against defendant at the preliminary examination.  Defendant also agreed that he has a three to four inch scar on the left and backside of his head.[6]

The victim's brother, Leon Penn, testified that the night before the murder he saw his brother Rodnell with the defendant. He heard Defendant tell Rodnell that he would see Rodnell the next day.  Penn knew that his brother was selling drugs for Defendant for approximately two years and had personally seen Defendant picking up money from the victim and dropping of drugs.

The first witness called at trial was twenty-year-old Curtis Collins.  Contrary to his police statement given under the alias of Tony Smith, and his preliminary examination testimony, Collins, testified that he was not at the party store or in the area at the time of the crime. He claimed unfamiliarity with the area of Gray and Mack.  He also claimed to know Defendant as Ghost.  Collins was impeached with his preliminary examination testimony.  He admitted that at the preliminary examination he had testified that he was in the party store on that date and time, that he saw Defendant and the deceased in the store.  He stated that he left before Defendant, that he heard gunshots, turned around and saw Defendant running and when Collins ran back across Mack, he saw the deceased lying in a driveway. Collins knew it was the Defendant because he could see the scar on Defendant's head and he had gotten a good look at him. He also testified that he saw no one else in the area. Collins was very particular about what he did and did not say at the exam about the events at the store, while at the same time claiming that it was all a lie because he had not been at the scene at all.

---

[6] Trial Transcript, Vol. 9/2/1992, Page 96

Collins also admitted giving a statement to the police just days after the crime further admitting that he had given a false name to the police when he gave them a statement because he was on escape status and did not want the police to know. Collins admitted at trial that in his police statement he said he was inside the party store, saw the defendant with the victim, that he left the store first, after he heard a gunshot, he looked back and saw a body lying in front of a house, and he saw the defendant run across a vacant lot towards Springfield.[7] When asked why he told the police that he was present, Collins claimed that he was on a tether and the police told him "they were going to do this and this to me because I was on escape on a tether."[8]  Collins did not explain how the officers could have known he was on tether considering he had given a false name. Collins was already in custody when he gave his testimony at the preliminary examination.  On cross examination Collins added that the police offered him $10,000 to send him to Texas and give him a new identity.  He felt that something could happen to him because he was lying on someone so he wanted to clear it up to stop being afraid. This was part of Defendant's explanation for recanting his preliminary examination testimony.

The trial judge asked him if he had ever had a problem with Defendant before the crime.  Collins stated that they had started disliking each other, but there was nothing specific between them.  The judge asked why "out of all the people in the world", did he tell the police that you saw Carl Hubbard after you heard the shot; that you saw Mr. Hubbard standing over the deceased and that you saw Mr. Hubbard

---

[7] Trial Transcript, Vol. 8/31/1992, Pages 35-38
[8] Trial Transcript, Vol 8/31/1992, Page 39

6

44

running away from the deceased?[9] Why did you pick out Mr. Hubbard? Collins' reply was long, unclear and did not tell the judge why he chose to say that it was Hubbard.

During his testimony, Collins admitted that he was worried about his life and that of his mother and children. He also stated that he had not been threatened and it was not why he was recanting. "Homicide" had made him lie. "Homicide" was telling him little stuff, and he was really upset about his best friend who had been killed and "the first thing that was coming through my mind I was just saying it, you know. It wasn't meant to be said, you know"[10]

On the third day of trial the People called Collins back to the stand. He testified that he wanted to tell the truth. He admitted that he had lied to the Court on the first day of trial.[11] He was present on the scene on January 17, 1992 at approximately 9:30 p.m. He had lied because he heard rumors about what was going to happen to his family. He believed the rumors and that is why he "told the judge a story."[12]

Collins affirmed that he had been at the party store on January 17th and did see Defendant with a person he would later find out was the victim. He had heard gunshots after he left the store and he had turned around and looked back across Mack in the direction of the victim. He seen the deceased lying in the driveway and he had seen the Defendant running through the field. He recognized the Defendant from the scar on his head.[13]

---

[9] Trial Transcript, Vol 8/31/1992, Page 58
[10] Trial Transcript, Vol 8/31/1992, Page 42
[11] Trial Transcript, Vol 9/2/1992, Page 37
[12] Trial Transcript, Vol 9/2/1992, Page 40
[13] Trial Transcript, Vol 9/2/1992, Page 66

45

Defendant presented four witnesses in his defense. Raymond Williams and Rodney Fulton both testified that they were with Curtis Collins at the time of the murder. Defendant also presented the testimony of Thomas and Vanessa Spells. On the evening of the 17th Thomas Spells and Defendant left the house at about 9 or 10 p.m. to go to Defendant's mother's house to pick up their son. Vanessa Spells testified that on the 17th she came home from work around 8:15 or 8:20 p.m. Her husband and Defendant were at the house at the time she arrived and they left at 10 p.m.[14]

The trial judge found that Collins seemed quite nervous when he testified. The judge then reiterated all of the testimony that he heard and found Defendant guilty of first-degree murder.[15]

On appeal, Defendant moved the Court of Appeals for a remand to explore the reasons for Curtis Collins' trial recantation. The People argued that the reasons for recantation were of record.[16] The Court denied the motion.

In March of 1994, defendant filed a supplemental brief on appeal including a claim that Curtis Collins lied to the police initially. However, at trial Collins admitted that he had given that first statement using the alias Tony Smith.

The Court of Appeals affirmed Defendant's conviction in 1995 and Defendant continued to raise questions about Curtis Collins in the Michigan Supreme Court.

Defendant filed several motions in the trial court. He filed a motion for an evidentiary hearing in 2009[17] and his first motion for relief from judgment in 2011.

---

[14] Trial Transcript, Vol 9/2/1992, Page 148
[15] Trial Transcript, Vol 9/2/1992, Pages 176, 185
[16] People's response filed August 18, 1993

Attached to this motion were affidavits from prisoners Askis Hill, Ray Burford, Emmanuel Randall, and Elton Carter. This motion was denied in 2012.[18]

Defendant filed his second motion for relief in 2015. To this motion he attached affidavits from the party store owners who claim to remember that on January 17th, 20 years ago Collins had not been allowed in the store that night. The motion was denied in 2015.[19]

Defendant's third motion for relief is based on his claim that Curtis Collins is again recanting his police statement, preliminary examination testimony, and the trial testimony taken on September 2, 1992. He also provides a report stating Collins passed a polygraph examination on three questions and a video of the polygraph test and the interview.

This court ordered the People to answer Defendant's current motion. The People reached out to Curtis Collins. He agreed to come to the Prosecutor's office on Friday, May 17th, but did not keep his appointment and would not return the call. During a visit to his home on May 20, 2019 he told Detective Richard Pomorski that his attorney, Jon Posner, told him not to talk to the prosecutors. Jon Posner, however, died in 2017 leaving the People without a way to interview the witness.

Defendant fired his most recent attorney and insisted that the prosecutor's conviction and integrity unit not to investigate the case.

---

[17] On March 18, 2009 Judge James R. Chylinski Denied Defendant's Motion to Expand the Record or for an Evidentiary Hearing.
[18] On March 15, 2012 Judge Michael M. Hathaway Denied Defendant's Motion for Relief from Judgment.
[19] On March 30, 2015 Judge Michael M. Hathaway Denied Defendant's successive Motion for Relief from Judgment.

**STANDARD OF REVIEW**

The standard of review is de novo for all issues of law on appeal. *People v. Laws,* 218 Mich App 447; 554 NW2d 586 (1996). Factual findings are reviewed to see if they are clearly erroneous. **MCR 2.613(C)**; *People v. Tracey,* 221 Mich App 321; 561 NW2d 133 (1997). Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made. *People v. Lombardo,* 216 Mich App 500; 549 NW2d 596 (1996).

In order to advance an allegation in a motion for relief from judgment that could have been made in a prior appeal or motion, a defendant must demonstrate "good cause" for failure to raise the grounds on appeal and actual prejudice resulting from the alleged irregularities that support the claim of relief, pursuant to **MCR 6.508(D)(3)(b)**. The cause and prejudice standards are based on precedent from the United States Supreme Court. *Wainwright v Sykes,* 433 US 72; 97 S Ct 2497; 53 L Ed 2d 594 (1977).

A court may not grant relief, if the defendant alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction of the sentence or in a prior motion for relief from judgment; unless defendant demonstrates good cause for the failure to previously raise the grounds and actual prejudice from the alleged irregularities that support the claim. **MCR 6.508(D)(3)**; *People v Brown,* 196 Mich App 153; 492 NW2d 770 (1992), *People v Watroba,* 193 Mich App 124; 483 NW2d 441 (1992).

## ANALYSIS

To file a successive motion for relief from judgment defendant must show a retroactive change in the law or new evidence that was not discovered before the prior motion. In the case at bar Defendant presents a recanting witness who had already recanted at trial and his polygraph results regarding questions were not relevant. Defendant's evidence does not meet the test for filing a successive motion.

Even if a defendant could meet the test barring a successive motion for relief, the proposed evidence would have to meet the *Cress* test for newly discovered evidence. *People v. Cress*, 468 Mich 578, 692 (2003). Collins recanted at trial and his current recantation is not new, and is considered cumulative, as the evidence would not make a different result probable on retrial, and was actually discovered before his prior to Defendant's first motion for relief. As such, Defendant cannot meet the *Cress* test for newly discovered evidence. *Id.*

Defendant moves for relief from judgment raising four issues. He maintains that he may file a successive motion because he has new evidence that was not discoverable before his other motions for relief. The witness now providing an affidavit had already recanted at trial, thus his recanting affidavit is not actually new. This fact bars his successive motion.

Defendant claims that the affidavit amounts to new evidence because Collins is claiming at trial he disavowed his prior recanting testimony because of pressure by the police and prosecutor. However, the only relevancy of the affidavit is a reiteration of the claim that Collins was not near the area of Gray and Mack the night of the murder.

11

This is the exact claim he made in his recanting testimony at trial. Even the reasons for the disavowal are not new, as Collins has already claimed that pressure from the police caused him to lie. Cress, *Id.*

Moreover, Defendant provides a report and videotape of Collins' polygraph examination and interview. However, none of the questions that were used in the test are new evidence. Indeed, the polygraph questions are things both sides agreed to in 1992. Collins never testified that he was with Hubbard when Hubbard shot Penn or that he saw the shooting or that Hubbard shot anyone else. The questions all presupposed that Collins had testified to seeing the shooting. Because the questions do not prove anything that was not known in this case, the polygraph test results cannot meet the test for new evidence not discovered before the previous motions. **MCR 6.502(G).** Therefore, the polygraph results also do not help Defendant meet the bar against successive motions.

In the affidavit, Collins states that he told Raymond Williams in 2014 that he was again willing to claim that he had not been present on Gray and Mack. Williams was the person Collins claimed had told him to say he was on Corbet Street on the night of the crime and Williams himself testified at trial that Collins was with him on Corbet. In paragraph six Collins states, "I contacted Raymond Williams in 2014 informing him that I had lied on Carl Hubbard…and that I would do an affidavit…"

Raymond Williams, then, was helping defendant gather affidavits in 2014, and Williams had this information in 2014. As such, Collins' desire to sign an affidavit was known to Defendant in 2014 before his 2015 motion for relief. **MCR 6.502(A)** requires

that every motion for relief from judgment must include all of the grounds for relief which are available to the defendant. Collins' newest desire to recant is not new evidence. Defendant had the information in 2014 and was required to raise the claim in his 2015 motion.

Defendant also contends that the cab company subpoena is new evidence but he does not include the results of the subpoena. Knowing that the People attempted to gather information before trial is not new evidence. Absent the results of the subpoena and a *Brady* violation regarding those results, the subpoena is not evidence of anything. *Brady v. Maryland*, 373 US 83 (1963).

Defendant attached other evidence for the court's consideration, but all of the other exhibits have been previously presented in other motions for relief and cannot be considered newly discovered so as to meet the successive motion bar.

Therefore, Defendant's motion should be barred because it is a successive motion which does not present new evidence not discovered before his previous successive motion.

Even if Defendant could get past the successive motion bar, the affidavit from Collins and the polygraph test result would not merit Defendant a new trial. *People v. Cress*, 468 Mich 578, 692 (2003), held that evidence is newly discovered if: (1) the evidence, not just its materiality, is newly discovered; (2) is such that its admission would render a different result probable upon a retrial of the case; and (4) the defendant could not, with reasonable diligence, have discovered and produced the evidence at trial.

As argued above, the evidence is not newly discovered. The witness testified on the first day of trial that he was not on Gray and Mack. Two days later he admitted that he was present on Gray and Mack and that his new testimony was a lie. Moreover, because Collins had told Williams the information in 2014 and Williams was helping Defendant gather the information in 2014 which was part of Defendant's 2015 motion, Defendant had the information about Collins in time for the 2015 motion for relief. The polygraph results add nothing because the questions upon which it was based are all new things both parties agree on during trial. Collins' latest claims are not new.

Even if it was new, the evidence would be cumulative because this exact witness testified to this same claim at trial and the polygraph results would not be admissible. Defendant cannot meet the second prong of the *Cress* test.

The evidence would not render a different result probable on retrial. Under Michigan law, affidavits recanting prior sworn testimony are suspect. *People v. Dailey*, 6 Mich App 99, 102 (1967). Recantation alone does not require the court to order a new trial if the court determines that the recanted testimony is untrustworthy. *People v. Van den Dreissche*, 233 Mich 38, 46 (1925).

The circumstantial evidence against Defendant was surprisingly strong and Collins' recanting at a retrial would not make a difference. Defendant's presentation of other new evidence provided by other prisoners who have heard Collins regret his testimony against Defendant or who now remember that they were at the party store that night and Collins was not in there would also not likely change the result.

S2

The last thing Defendant has to show is that he could not have, with reasonable diligence, discovered and produced the evidence at trial. This factor points out that not only could Defendant have presented this evidence at trial, this evidence was actually was presented at trial. Collins testified at trial that he was not on Gray and Mack that night. This is exactly what he would testify to at a new trial. As such, Defendant cannot show any of the *Cress* factors and his motion would be denied, even if he could get past the successive motion bar.

Defendant attempts to use Collins' affidavit to prove that the Court should grant him a new trial. He avers that the People used perjured testimony. However, when Collins recanted on the first day of trial, the prosecutor immediately impeached him with his preliminary examination testimony.

Neither the police nor the prosecutor intimidated the witness after his initial recanting. The police and prosecutor have not intimidated the witness because the witness was forced to face perjury charges or testify against a man accused of murder. There was no intimidation, only a tough choice that Collins had brought about by his own actions.

The prosecutor did not withhold evidence. Neither the police nor the prosecutor had a reason to threaten Collins. As the facts have shown, there was no *Brady* violation.[20]

Even if these claims could be sustained now, Defendant would still have to show good cause for failing to raise the issues previously and prejudice in order to prevail.

---

[20] *Brady v Maryland,* 373 US 83, 87 (1963).

15

S3

Defendant argues that he does not need to do so because he is actually innocent. However, Defendant was seen in the area both before and after the shots. Indeed, Defendant's multiple lies to the police showed his guilty state of mind. This court also finds that Defendant's alibi witnesses were not credible.

As Defendant proffers no claim upon which relief may be granted, his argument, and his motion for relief from judgment must be denied for lack of merit.

Therefore, **IT IS HEREBY ORDERED** that Defendant's Successive (3rd) Motion for Relief from Judgment is **DENIED**.

DATED:_____**OCT 0 2 2019**_____

**LAWRENCE S. TALON**

_____
Judge Lawrence S. Talon
Circuit Court Judge

PROOF OF SERVICE

I certify that a copy of the above instrument was served upon the attorneys of record and/or self-represented parties in the above case by mailing it to the attorneys and/or parties at the business address as disclosed by the pleadings of record, with prepaid postage on _10/02/2019_.

_____
Name

16

Sq

Carl Hubbard #205988
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-5000

_____

October __23__, 2019

Office of the Clerk-Room 564
United States District Court
for the Eastern District of Michigan
Theodore Levin US Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

      **RE:** Hubbard v Smith
           Case #13-14540

Dear Clerk:

      Please find enclosed for filling in the above referenced matter, three (3) copies of Petitioner's Protective Amended Petition for Writ of Habeas Corpus, Motion to Stay Petitioner's Protective Amended Petition and Hold it in Abeyance, and Motion to Reinstate Habeas Petition.

      Thank you for your time and have a good day.


Sincerely,

*Carl Hubbard.*

Carl Hubbard



