UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUBBARD,

       Petitioner,                               Case Number 13-14540

v.                                                       Honorable David M. Lawson

WILLIE SMITH,

       Respondent.
_____/

**ORDER DENYING MOTION TO REINSTATE PETITION,
DISMISSING AS MOOT REQUEST TO HOLD PROCEEDINGS
IN ABEYANCE, AND CONTINUING STAY OF PROCEEDINGS**

On October 30, 2019, the petitioner filed a motion to reopen the proceedings, an amended petition, and a motion to hold the amended petition in abeyance. However, those filings apparently were submitted by the petitioner due to a misapprehension that they were required to be filed after the state trial court denied relief on a post-conviction motion for relief from judgment. The filings indicate that the petitioner has appealed the denial of that motion, and the appeal remains pending in the state courts. Because the state court proceedings on the petitioner's additional claims for relief have not yet finally concluded, the Court will deny the present motions as moot, without prejudice to renewal of the request to reopen and the filing of an amended petition after the conclusion of the state court proceedings on appeal.

As the Court explained in its previous opinion and order, the doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established

appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). *A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160. Reinstatement of the habeas proceedings would not be appropriate at this juncture because the petitioner's additional claims have not yet been fully exhausted.

Accordingly, it is **ORDERED** that the petitioner's motion to reinstate the petition (ECF No. 47) is **DENIED** without prejudice to renewal of the request to reinstate after the conclusion of the state proceedings on appeal.

It is further **ORDERED** that the motion to stay the proceedings and hold the amended petition in abeyance (ECF No. 49) is **DISMISSED** as moot. The previously issued stay of proceedings is **CONTINUED** pending the conclusion of the state court proceedings on appeal.

It is further **ORDERED** that the petitioner must file an amended petition in this Court **within twenty-eight (28) days after the conclusion of the state court proceedings on appeal**. If the petitioner files an amended petition, then the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases

- 3 -

in the United States District Courts **within fifty-six (56) days thereafter**.  If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   November 4, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 4, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---